# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT MCINERNEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-153-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Robert McInerney requests review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 30, 1963, and was forty-six years old at the time of the administrative hearing. He has an eleventh grade education (Tr. 123) and has past relevant work as a factory machine operator, contract laborer for a construction company, and factory laborer (Tr. 119). The claimant alleges inability to work since September 1, 2005 due to bilateral carpal tunnel syndrome and problems with both arms and shoulders (Tr. 118).

## Procedural History

On March 21, 2008, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Deborah L. Rose conducted a hearing and determined that the claimant was not disabled in a decision dated January 21, 2010. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. She found that the claimant had severe impairments (effects of a prior left wrist fracture and carpal

tunnel syndrome) but retained the residual functional capacity ("RFC") to perform light work, *i. e.*, he could lift/carry ten pounds frequently and twenty pounds occasionally, and stand/walk/sit for six hours in an eight-hour workday, but could use his nondominant left hand for handling objects only frequently rather than constantly (Tr. 11, 12). The ALJ concluded at step four that the claimant was not disabled because he could perform his past relevant work as a machine operator (Tr. 14). The ALJ concluded alternatively at step five that the claimant was not disabled because he could perform other jobs in the in the national economy, *i. e.*, sorter, laundry presser, auto wash attendant, and mail clerk sorter (Tr. 14-15).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly determine his RFC; (ii) by failing to properly analyze his credibility; and (iii) by failing to perform a proper step four analysis, *i. e.*, failing to make requisite findings regarding his past work as a machine operator pursuant to Soc. Sec. Ruling 82-62 before concluding he was able to perform it. The Court finds that the ALJ did fail to properly evaluate the claimant's credibility, and the decision of the Commissioner must therefore be reversed.

The claimant testified at the administrative hearing that he has received treatment at the W.W. Hastings Indian Hospital since 1998 or 1999 for a wrist fracture. He received treatment through 2007 after a second surgery was performed to correct the non-union of the fracture (Tr. 32-33). At that time, the claimant was told that the doctors at Hastings told him that they had done all that they could do to correct his fracture by performing

two surgeries, and the claimant stopped pursuing treatment at Hastings as a result (Tr. 33). The claimant testified that as part of the surgeries that were performed, metal plates were placed in his wrist (Tr. 33-34). The claimant averred that he was unable to drive because his hands would go numb, that he can't do laundry or change a tire without help, and that it takes him two days to mow when it should take him only an hour (Tr. 34-35). The claimant testified that he was unable to fill out the paperwork for his disability claim because his "hands shake real bad and you wouldn't be able to read [his] writing" (Tr. 36). The claimant testified that his hands were swollen for about two days the last time he attempted to use a sander (Tr. 38).

The ALJ's credibility determination is entitled to deference unless she misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, the ALJ may disregard the claimant's complaints of pain if unsupported by clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

Regarding credibility, the ALJ found that "the claimant's impairments medically determinable impairments could reasonably be expected to cause the alleged symptoms;

however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." The ALJ then discussed the opinions of the claimant's treating physician Dr. Ronald Myers, M.D., which he gave "little weight," and the agency physician Dr. Jimmie Taylor, M.D., which he gave "greater weight." It was during this discussion that the ALJ noted the claimant's continued smoking against medical advice, although this does not appear to be directed to credibility, as the ALJ did not say how it made the claimant any less credible. On the whole, it is fairly clear that the ALJ discounted the claimant's credibility because the findings by Dr. Taylor did not support the claimant's testimony about the severity of his impairments (Tr. 13).

The ALJ's credibility determination is problematic for several reasons. First, if (as it seems) the ALJ discounted the claimant's credibility (at least partially) because it was inconsistent with his RFC, then the ALJ "got it backwards," *i. e.*, she should have *first* evaluated the claimant's testimony along with all the other evidence, *then* formulated the claimant's RFC, not evaluated the claimant's credibility for consistency with an already-determined RFC. Second, if the ALJ evaluated credibility by comparing the claimant's testimony to Dr. Taylor's negative findings, this was likewise error. *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). The ALJ should instead have analyzed the credibility of the claimant by

applying the following factors: (i) the claimant's daily activities; (ii) location, duration, frequency, and intensity of pain or other symptoms; (iii) factors precipitating symptoms or aggravating them; (iv) the type, dosage, effectiveness and side effects of medication; (v) treatment other than medication for relief of pain or other symptoms; (vi) measures other than treatment to relieve pain or other symptoms (e. g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (vii) other factors concerning functional limitations or restrictions due to pain or other symptoms. *See* Soc. Sec. Rul. 96-7p, 1996 WL 374186, *3 ("In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements[.]").

Furthermore, the ALJ failed to discuss substantial medical evidence that *supported* the claimant's testimony about the severity of his pain. He underwent two osteotomies to correct the non-union of the left ulnar shaft, one in September 2005 (Tr. 232-33) and one in April 2006 (Tr. 158-59). He complained of pain often during his visits to Hastings and Muskogee Bone, Joint, and Sports Medicine Clinic (Tr. 158, 162, 282, 294, 308, 375, 395). The claimant has taken numerous pain medications, including acetaminophen with codeine, Percocet, and Oxycodone, related to his fractured arm (Tr. 159, 377, 379, 388). "Although the ALJ need not discuss all of the evidence in the record, he may not ignore

evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001).

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work he can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly hereby REVERSED and the case is REMANDED to further proceedings consistent herewith.

**DATED** this 30th day of September, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma